In the Interest of C.L., a Minor.

Appeal of C.L., a Minor.

Superior Court of Pennsylvania.

Submitted July 6, 1998.

Filed Aug. 4, 1998.

Kevin G. Sasinoski, Public Defender, Pittsburgh, for appellant.

Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for the Com., participating party.

Before POPOVICH, SCHILLER and BECK, JJ.

POPOVICH, Judge:

This is an appeal from the order of disposition entered in the Court of Common Pleas of Allegheny County, following appellant's adjudication of delinquency on charges of simple assault and recklessly endangering another person. Appellant was committed to the Allegheny Academy, and directed to undergo psychiatric and psychological evaluation and counseling. Herein, appellant raises one question for our consideration: whether the trial court erred in denying his motion to suppress his confession which was obtained in violation of his constitutional rights. Upon review, we find that the lower court improperly denied appellant's motion to suppress the confession as the Commonwealth did not meet its burden of proving the confession was voluntary.

Appellant's adjudication stems from events which took place some time immediately prior to June 16, 1997. On the day of this incident, then four-year-old April Hahka alleged that fourteen-year-old appellant, for no reason at all, burned her in two places between her fingers with his cigarette, punched and hit her, and cut her wrist with a knife. April related this story to her mother a day or two later. On June 16, 1997, April's mother called the police and reported the incident.

After receiving the call from April's mother, Officer Tolkacevic went to April's home to investigate the alleged incident. After interviewing April and her mother, Tolkacevic then proceeded to appellant's home, two houses down the street. At that time, Officer Tolkacevic requested that appellant's

parents bring him to the police station for questioning. Appellant and his parents obliged. After being advised of his *Miranda*[1] rights in the presence of his parents, appellant, and his parents, signed a *Miranda* waiver form. Appellant was then interrogated outside the presence of his parents, and he gave a written confession. Upon his leaving the police station, appellant recanted his confession. Subsequently, appellant's motion to suppress the confession was denied, and appellant was adjudicated delinquent. This timely appeal followed.

■■■ When reviewing the denial of a suppression motion, our review must be limited to:

> ... only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as they are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error. Thus, if sufficient evidence is of record to support the suppression court's ruling and that court has not misapplied the law, we will not substitute our credibility determination for that of the suppression court judge.

*Commonwealth v. Queen*, 536 Pa. 315, 639 A.2d 443, 445 (1994).

We have held that during a suppression hearing, the Commonwealth must establish by a preponderance of the evidence that a defendant's confession was the product of a knowing, intelligent and voluntary waiver of the defendant's *Miranda* rights, and, thereby, not the product of coercion. *In re Parks*, 370 Pa.Super. 350, 536 A.2d 440, 443 (1988). Further, when determining the validity of a juvenile's confession, our Supreme Court has said the following:

> All of the attending facts and circumstances must be considered and weighed in determining whether a juvenile's confession was knowingly and freely given. Among those factors are the juvenile's youth, experience, comprehension, and the presence of an interested adult.

*Commonwealth v. Williams*, 504 Pa. 511, 475 A.2d 1283, 1288 (1984). .

■■ Appellant asserts that his confession was obtained in violation of his constitutional rights. When viewed in the light most favorable to the Commonwealth but including appellant's evidence which remains uncontradicted, we find that a review of the record reveals that appellant's confession was not the product of a knowing, intelligent and voluntary waiver of appellant's *Miranda* rights but, rather, was the product of coercion.

It is undisputed that appellant was interrogated by the police outside the presence of his parents, and he confessed when his parents were not present. Appellant also asserts that his confession came as a result of having been frightened by threats from the Chief of Police to the effect that if appellant continued to lie, he would be sent to "Shuman" and "George Junior" (juvenile correctional institutions). This assertion was uncontradicted. Appellant claims that the Chief of Police also placed appellant in a jail cell for approximately ten minutes and repeatedly walked by the cell and yelled, "quit your crying." When asked if appellant was placed in a cell, Officer Sevitz replied that he did not recall, but he acknowledged that appellant was walked by the jail cell and that the Chief of Police did "yell" at appellant. Finally, the Commonwealth, on cross-examination of appellant, elicited unrebutted testimony that the Chief of Police shoved appellant's hand against the wall. When Officer Sevitz who was present during questioning was asked about this, he did not acknowledge or deny it occurred but admitted that the Chief yelled at appellant to tell the truth. While Officer Sevitz did not recall the Chief's alleged actions, Officer Sevitz did testify that appellant was "absolutely" out of his sight for a period of time with the Chief.

The Commonwealth has fallen well short of establishing that appellant's confession was not the product of coercion. When considering the factors enunciated in *Williams*, *supra*, it is apparent that appellant's confession was not freely given. At the time of his

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

alleged confession, appellant was a fourteen-year-old boy with no prior experience in the juvenile justice system. Although appellant acknowledged his understanding of his *Miranda* rights in the presence of his parents, his confession occurred without his parents present. The coercive tactics of the police, including yelling at him, threatening him with placement in a juvenile detention center and showing him a jail cell (if not actually placing him in the cell), in combination with appellant's young age, his lack of experience in the juvenile system and the absence of an interested adult at the time of appellant's confession equate to a coerced, invalid confession. As such, we find that the lower court erred when it refused to suppress appellant's confession. *But cf. Williams*, 475 A.2d at 1288 (holding that the confession of an eighteen-year-old juvenile defendant, who had prior experience with the juvenile system, that was given with defendant's father present and with no evidence of physical or psychological abuse by police was voluntary). Accordingly, we reverse and remand for further proceedings in the juvenile court.[2]

Order of disposition reversed. Case remanded to Juvenile Court. Jurisdiction relinquished.

---

**2.** We reject Commonwealth's "harmless error" argument summarily. Apart from appellant's coerced confession, the Commonwealth's evidence consisted solely of the testimony of the four-year-old victim in this case. As such, it cannot be said that the admission of appellant's coerced confession was harmless error.